UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN J. ALOIA,
       Plaintiff,
   v.

DISCOVER FINANCIAL SERVICES and RETRO FITNESS OF HOBOKEN,

       Defendants.

**OPINION AND ORDER**

Civ. No. 2:19-cv-4971-ES-CLW

**Waldor, Magistrate Judge**

This matter comes before the Court by way of referral from the Honorable Esther Salas to issue a Report and Recommendation regarding Plaintiff Brian Aloia's ("Aloia") unopposed motion to remand (ECF No. 10). Decided without oral argument pursuant to Local Rule 78, for the reasons set forth below, the Court recommends that the motion be **GRANTED**.

## BACKGROUND

Aloia signed up for a gym membership at Defendant Retro Fitness of Hoboken ("Retro"). ECF No. 1-2 (Compl.) ¶ 11. He paid for the membership with a credit card from Defendant Discover Financial Services ("Discover," and with Retro, "Defendants"). *Id.* ¶¶ 10, 23. Aloia was under the impression that he could cancel is Retro membership at any time. *Id.* ¶¶ 11 (describing Aloia's contract as "month-to-month"), 15-18.

Aloia notified Retro on August 29, 2017 that he was canceling his Retro membership. Compl. ¶ 21. Retro nonetheless billed Aloia's Discover card the next day. *Id.* ¶ 23. After being charged again in November 2017, Aloia contacted Retro's owner, who stated that Aloia could not cancel his Retro membership and that he would continue billing the Discover card. *Id.* ¶¶ 28-31. Retro ultimately charged Aloia $1,229.55. *Id.* ¶¶ 33-35.

1

Aloia disputed the charges with Discover, who initially posted a credit of $1,229.55 to his account but then withdrew it. Compl. ¶¶ 36-38. He continued disputing the charges with Discover, to no avail. *Id.* ¶¶ 37-38. Around that time, Defendants "placed inaccurate and negative information about the alleged debt on Plaintiff's credit report," and according to Aloia they continue to do so. *Id.* ¶¶ 42, 56. Aloia's credit score has fallen from 839 to approximately 700. *Id.* ¶¶ 43, 57. Defendants have also applied interest and penalties to Aloia's discover card as a result of the alleged unpaid debt, so his charges have increased to $1,499.56. *Id.* ¶ 59. Aloia continues to dispute the debt; Discover still demands payment. *Id.* ¶¶ 41, 59.

Aloia sued Defendants in New Jersey Superior Court on January 8, 2019, bringing five claims: (1) violation of the Fair Credit Reporting Act ("FCRA") against Discover; (2) consumer fraud under 15 U.S.C. § 1692c(a), *et seq.*, against both Defendants; (3) violation of the New Jersey Consumer Fraud Act ("NJCFA") against Retro; (4) breach of contract against Discover; and (5) breach of contract against Retro. *See* Compl. Discover removed the case to this Court, ECF No. 1, and settled all claims against it, ECF Nos. 6-8. Aloia voluntarily dismissed Count 2, leaving only Counts 3 and 5. ECF Nos. 9, 11. He then moved to remand. ECF No. 10. Retro did not oppose.

## STANDARD OF REVIEW

28 U.S.C. § 1447 provides that when "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." On a motion to remand, the removing party has the burden of establishing that jurisdiction exists. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied* 498 U.S. 1085 (1991). Removal statutes "are to be strictly construed against removal, and all doubts resolved in favor of remand." *Id.* at 111 (citations and quotations omitted).

## DISCUSSION

Discover, the remanding party, bears the burden of establishing that jurisdiction exists. *Boyer*, 913 F.2d at 111. Discover is no longer a party, though, having settled all claims against it. ECF Nos. 6-8. The other defendant, Retro, has not opposed Aloia's motion.

Even if Retro opposed, this Court would not have subject matter jurisdiction over the action. Discover removed the case based on federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. At the time of removal, Aloia maintained two federal claims against Defendants: consumer fraud and violation of the FCRA. Compl. at 7-9. Discover settled the FCRA count, ECF No. 8, and Aloia dismissed the consumer fraud one, ECF No. 11. No federal causes of action remain, so the Court does not have federal question jurisdiction. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) (explaining that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Additionally, Retro has not argued that the Court has diversity jurisdiction. The Court thus does not have subject matter jurisdiction over Aloia's suit.

## CONCLUSION

For the reasons set forth above and because this Court lacks subject matter jurisdiction, the Court recommends that Aloia's unopposed motion to remand (ECF No. 10) be GRANTED, and that the case be remanded to the Superior Court of New Jersey, Essex County.

Pursuant to Local Rule 72.1(c)(2), parties shall have 14 days from the date this Report and Recommendation is filed with the Clerk of Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

DATE: **12-11-19**

*//s Cathy L. Waldor*
CATHY L. WALDOR
United States Magistrate Judge